*Gay v. Menard*, 605-10-16 Wncv (Teachout, J., Sept. 15, 2017)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT
Washington Unit

CIVIL DIVISION
Docket No. 605-10-16 Wncv

Jeffrey Gay
    Petitioner

    v.

Lisa Menard, Commissioner,
Vermont Department of Corrections
    Respondent

### DECISION
### Mr. Gay's Motion to Reconsider
### The State's Motion for Summary Judgment

Inmate Jeffrey Gay seeks Rule 75 review of a decision by the Vermont Department of Corrections to not furlough him for a two-year period because the "case staffing" at which that decision was made relied at least in part on "inaccurate" information: that he acted violently in the course of his recent furlough violation. The State has filed a motion for summary judgment. It asks the court to conclude that the furlough decision has a "permissible basis" regardless of any incorrect underlying facts that may have been relied upon. Mr. Gay asks the court to deny summary judgment and set the case for trial, at which he evidently intends to establish the inaccuracy of those underlying facts. Ultimately, he requests that the court remand for a new case staffing predicated on facts that are accurate.

*Motion to reconsider*

Previously, the record included no evidence or allegations showing that Mr. Gay exhausted his administrative remedies and preserved any issues he has sought to raise here. The court granted judgment to the State on that basis, but permitted Mr. Gay an opportunity to come forward with evidence of exhaustion and preservation. He did. The State does not assert any defect in exhaustion or preservation. Accordingly, the court rescinds its prior summary judgment decision and will address the substance of that motion now.

*Motion for summary judgment*

While on furlough, Mr. Gay was criminally charged with domestic assault (later pled down to disorderly conduct). He was reincarcerated and furlough revocation proceedings were initiated. The alleged bases for revocation were that: (1) he was charged with a new crime, (2) he engaged in violent behavior (the underlying conduct of the crime); and (3) he lost his residence in the community because Dismas House did not want him back. A police affidavit documented that Mr. Gay punched a man in the face, which broke his nose and chipped his tooth. His furlough was revoked. The hearing officer found him guilty of being charged with a

new crime and losing his residence. The hearing officer also expressly found as follows "Not guilty of violent behavior. – No physical evidence of assault." The findings also expressly indicate that the hearing officer considered the police affidavit. The recommendation sanction was a referral for a case staffing. The superintendent upheld the hearing officer's decision and sanction recommendation.

The case staffing report described the crime underlying the furlough revocation as one of violence, reiterating the violent detail of the police affidavit that was rejected by the hearing officer and making recommendations due to, in part, Mr. Gay's persistent resort to violence. The result of the case staffing was a decision that he should remain incarcerated for two years before potentially being placed back in the community (a so-called two-year interrupt).

In its summary judgment motion, the State does not attempt to defend or explain the propriety of the DOC first squarely finding, on evidence that included the police affidavit, that Mr. Gay did not engage in violence, and then turning around and relying on the rejected allegations of violence in determining his sanction. Instead, it argues that other evidence in the record would have supported the outcome of the two-year interrupt anyway and thus the court should not address the accuracy of some of the facts relied upon.

The State misconstrues the court's function. The court is not reviewing the wisdom of the outcome of the case staffing or the adequacy of its basis, and it would not substitute its own judgment for any determination by the DOC in any event. Mr. Gay does not ask it to. Nor is the court reviewing the accuracy of all the information gathered for and evaluated at the case staffing. The court instead is evaluating the arbitrariness of the DOC making specific findings of fact *after an evidentiary hearing* to determine that a furlough violation occurred and then ignoring those same findings without any explanation when imposing a sanction.

If there is any reasonable explanation for what happened in this case, the State has not come forward with it. Mr. Gay is entitled to a new case staffing based on facts that accurately reflect the DOC's hearing officer's findings of fact, not the allegations that he rejected.

ORDER

For the foregoing reasons, Mr. Gay's motion to reconsider is *granted*. The State's motion for summary judgment is *denied*. Summary judgment instead is entered in favor of Mr. Gay. This case is remanded to the DOC for a new case staffing.

Dated at Montpelier, Vermont this _____ day of September 2017.

_____
Mary Miles Teachout
Superior Judge

2